UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP 29 2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| ROY A. DAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-02397 (UNA) |
| ) | |
| DONALD J. TRUMP, *et al.,* ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application for leave to proceed *in forma pauperis* ("IFP") and *pro se* civil complaint. The court will grant the IFP application and dismiss the complaint without prejudice for failure to comply with Fed. R. Civ. P. 8(a), and for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense, and to

determine whether the doctrine of *res judicata* applies. *Brown v. Califano,* 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff, a resident of Tarpon Springs, Florida, sues the U.S. President and the U.S. Secretary of Agriculture. He has filed a complaint contesting the validity of the contention that wearing a mask or washing one's hands is successful in preventing the contraction of COVID-19. He argues instead that contraction occurs through the consumer "food chain," and that food vendors are ill-informed regarding where their "food items [have] been stored, or placed, or used[.]" He alleges that the food manufacturers should be required to "sanitize" their products more thoroughly, and that the lack of such requirement violates his right to due process and equal protection. He seeks a declaratory judgment that defendants have violated his Fifth Amendment rights, and requests that this Court order the mass return of food products to unnamed manufacturers.

First, plaintiff's alleged harms appear to be "generalized grievances" purportedly "shared in substantially equal measure by . . . large class of citizens[,]" and "that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

Second, the ambiguous allegations composing the complaint fail to provide adequate notice of any other viable claim pursuant to the standard set by Fed. R. Civ. P. 8(a). Despite relying on the Fifth Amendment, none of plaintiff's allegations actually articulate the deprivation of a protected right. "Events may not have unfolded as Plaintiff wished, but his dissatisfaction . . . [does] not form a basis for a due process violation." *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015). Plaintiff also fails to allege a viable equal protection claim. He does not identify "the 'rights' of which he was deprived or the other individual or individuals to whom these rights were afforded. Nor does Plaintiff allege how [] other individuals were similarly

situated, as he must in order to state a viable equal protection claim." *Id.* "[F]ederal court jurisdiction must affirmatively appear clearly and distinctly. The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts." *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)).  Consequently, there is no basis here to support a federal question.

Therefore, this case will be dismissed.  A separate order accompanies this memorandum opinion.

_/s/_____
RUDOLPH CONTRERAS
United States District Judge

Date:  September 29, 2020